UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------X
                              :
JAY QUIGLEY                   :    Civil No. 3:21CV01158(SALM)
                              :
v.                            :
                              :
CAPTAIN WILLIAMS, et al.      :    May 9, 2022
                              :
------------------------------X
```

**ORDER**

Self-represented plaintiff Jay Quigley, a sentenced inmate[1] in the custody of the Connecticut Department of Correction ("DOC"), brings this action pursuant to 42 U.S.C. §1983 against the following DOC employees, all of whom are alleged to work at Corrigan-Radgowski Correctional Center ("Corrigan"): Captain Williams, Lieutenant Daniels, Correction Officer John Doe #1 (a/k/a FNU1 Evans), Correction Officer Thibodeau, Correction

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reflects that Quigley was sentenced on January 20, 2017, to a term of imprisonment that has not expired. See http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=304839 (last visited May 9, 2022).

1

Officer John Doe #2 (a/k/a FNU2 Evans), Correction Officer Martin, Correction Officer Reynoso, Correction Officer Czikowsky, RN Allison Hill, RN Janine M. Brennan, and MD Gerard G. Gagne. See generally Doc. #1.

I.  **PROCEDURAL HISTORY**

Plaintiff filed this action on August 30, 2021, see id., and paid the filing fee on that same date. As required by 28 U.S.C. §1915A, the Court conducted an initial review of plaintiff's Complaint, and permitted the following claims to proceed: (1) "the Eighth Amendment excessive force claims against defendants Williams, Doe #1, Doe #2, Thibodeau, Martin, Reynoso, Czikowsky in their individual capacities for damages;" (2) "the Eighth Amendment failure to intervene claims against Lieutenant Daniels in her individual capacity for damages; and" (3) "the Eighth Amendment deliberate indifference to serious medical needs claim against RN Hill in her individual capacity for damages." Doc. #7 at 17. The Court informed plaintiff that he could either file an Amended Complaint or proceed to service on the original Complaint, as limited by the Initial Review Order. See id. at 18. The Court further informed plaintiff that, because he did not proceed in forma pauperis, he was "responsible for serving the Summons and Complaint on any defendant who does not timely return the waiver of service form[,]" and that "[s]ervice must be made

2

within 90 days" of the Initial Review Order, that is, on or before February 13, 2022. Id. at 19.

On November 30, 2021, plaintiff filed a notice informing the Court that he mailed a "Notice of Lawsuit and Request to Waive Service of Summons; a Waiver of the Service of Summons; a copy of the Verified Complaint; [and] a copy of the Amended Initial Review Order" to each defendant on November 22, 2021. Doc. #9 at 1. On January 7, 2022, plaintiff filed a "Declaration for Entry of Default[,]" seeking an entry of default against all defendants. Doc. #10 at 1. Plaintiff informed the Court that "[m]ore than 30 days have elapsed since the date on which the defendants herein were served with summons and a copy of the plaintiff's complaint, excluding the date thereof." Id. (sic). On January 12, 2022, plaintiff filed a signed "Waiver of the Service of Summons" form for defendant Hill. Doc. #12. No waivers were filed for any other defendants.

On January 17, 2022, the Court denied plaintiff's Declaration for Entry of Default and explained that "[p]laintiff has demonstrated that certain defendants have failed to respond to a waiver of service[]" and that waiver of service is not required, so plaintiff "must arrange for service of process" on the remaining defendants. Doc. #13. On February 4, 2022, plaintiff filed a duplicate of his Declaration for Entry of Default, see Doc. #15,

3

and the Court again reminded plaintiff that "defendants who have not waived service are not in default **unless they have been properly served.**" Doc. #16.

On February 15, 2022, plaintiff filed a motion for extension of time, seeking an additional sixty days to serve the remaining defendants. See Doc. #18. On that same date, the Court granted plaintiff's motion, nunc pro tunc, extending the deadline for plaintiff to serve the remaining defendants to April 14, 2022. See Doc. #19. Due to the lengthy extension granted and the requirement imposed by Federal Rule of Civil Procedure 4(m) that the Court dismiss a complaint that is not timely served, the Court advised plaintiff that "**it is unlikely that further extensions of this deadline will be granted.**" Id.

On April 19, 2022, plaintiff filed a Notice of Service, stating that the remaining defendants "were served in their individual capacities at Corrigan Correctional Center 986 Norwich-New London Turnpike Uncasville Connecticut 06382 by a private server, Chance Grady[.]" Doc. #24 at 1 (sic). Plaintiff stated that defendants "were provided with a Notice of Lawsuit and Request to Waive Service of Summons, a Waiver of Service of Summons, a Copy of the Complaint, [and] a copy of the Amended Initial Review Order." Id. On that same date, the Court entered

4

the following order:

> ORDER re 24 Notice of Service. Plaintiff has filed a notice asserting that "Defendant Captain Williams, Defendant Lieutenant Daniels, Defendant C/O Thibodeau, Defendant C/O Martin, Defendant C/O Reynoso, and Defendant C/O Czikowsky[]" were all "served in their individual capacities at Corrigan Correctional Center... by a private server, Chance Grady[.]" Doc. #24 at 1.
>
> The District of Connecticut Local Rules require: "The plaintiff shall file proof of service complying with Fed. R. Civ. P. 4(l), or proof of waiver of service, within 7 days after plaintiffs receipt of such proof." D. Conn. L. Civ. R. 4(d). The Guide for Self-Represented Litigants, which was mailed to plaintiff on February 16, 2022, explains that such proof can be in the form of "the return of service and declaration on the back of the original summons[]" or an affidavit of "the person who effected service[.]" D. Conn. Guide for Self-Represented Litigants at 11. A Notice submitted <u>solely</u> by the plaintiff is not sufficient proof of service.
>
> Plaintiff shall file proof of service as to these defendants on or before **May 3, 2022**. The Court is mindful of the difficulties self-represented plaintiffs face in effecting service of process, and acknowledges that plaintiff has made significant efforts to serve the remaining defendants. However, as plaintiff has been previously warned, "the Federal Rules of Civil Procedure **require** dismissal of a complaint that is not timely served." Doc. #19 (citing Fed. R. Civ. P. 4(m)). Accordingly, if plaintiff does not provide proof of service as to the remaining defendants by **May 3, 2022**, the claims against those defendants may be dismissed.

Doc. #25. On April 20, 2022, plaintiff filed another Declaration for Entry of Default, stating he was informed that: "Upon video recorded entry to Corrigan Correctional Center (via handheld cellphone footage) captured by Grady; Lieutenant Hunt greeted Grady, she (Hunt) told Grady that since he (Grady) is not a U.S.

5

Marshal, she (Hunt) is throwing away the complaint and summons forms left by Grady in the garbage." Doc. #26 at 2. Plaintiff asserted that this refusal by a DOC employee to accept service on behalf of defendants Williams, Daniels, Thibodeau, Martin, Reynoso, and Czikowsky, supported an entry of default against those defendants. See id. at 2-3.

Plaintiff has not filed waivers of service or proof of service as to the remaining defendants. See Doc. #25.

## II. SERVICE OF PROCESS UNDER CONNECTICUT LAW

"Connecticut law prescribes different methods of service for state employees served in their official capacities and their individual capacities." Payne v. Sardi, No. 3:16CV00396(VLB), 2017 WL 601397, at *3 (D. Conn. Feb. 14, 2017). Here, plaintiff has brought claims against defendants in their individual capacities only, so he must effect individual capacity service. See Doc. #7 at 17.

The Federal Rules of Civil Procedure permit a party sued in his or her individual capacity to waive service. See Fed. R. Civ. P. 4(d). "The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). If a defendant fails to waive service, however, plaintiff must effect service. "[S]imply requesting that a defendant waive service under Rule

6

4(d) is not a substitute for completing service when no waiver is returned." Tung v. Hemmings, No. 19CV05502(RPK)(SJB), 2021 WL 4147419, at *4 (E.D.N.Y. Sept. 13, 2021).

Because these defendants did not waive service, plaintiff was required to serve them. "'[W]ith respect to an individual who is an officer or employee of the State but is not sued as such, Connecticut law requires that service be made' pursuant to §52-57(a)." Davis v. Mara, 587 F. Supp. 2d 422, 426 (D. Conn. 2008) (quoting Bogle-Assegai v. Connecticut, 470 F.3d 498, 507 (2d Cir. 2006)) (collecting cases). Connecticut law requires an individual defendant "be served by leaving a true and attested copy of [the summons and complaint] with the defendant, or at his usual place of abode, in this state." Conn. Gen. Stat. §52-57(a); see also Bogle-Assegai, 470 F.3d at 507-08. Thus, the summons and complaint must be handed directly to each defendant, or left at his or her home address. Individual capacity service may not be effected by leaving the summons and complaint at any defendant's work address. See Marion v. Marion, No. CV-97-0057153-S, 1998 WL 351900, at *3 (Conn. Super. Ct. June 18, 1998) (finding that "leaving the process at [defendant's] office with his receptionist[]" did not satisfy the requirements of Conn. Gen. Stat. §52-57(a)). Accordingly, even if Grady had left

7

the summons and complaint with Lieutenant Hunt, at the remaining defendants' place of work, that would <u>not</u> be sufficient to effect service on them.

### III. PROOF OF SERVICE

Upon serving the Complaint, "proof of service must be made to the court." Fed. R. Civ. P. 4(*l*)(1). "Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." <u>Id.</u> Plaintiff has not provided an affidavit of the server, that is, the person who made service. Plaintiff must file such an affidavit, if he asserts that the remaining defendants have in fact been properly served. The affidavit must describe the means and manner of service, and satisfy the Court that each defendant was served in full compliance with Conn. Gen. Stat. §52-57(a). **The affidavit must be made by the process server; it may <u>not</u> be by plaintiff himself**. The Court encourages plaintiff to consider hiring a professional private process server to ensure that service is effected properly. Plaintiff must provide proof of service as to <u>each</u> remaining defendant.

### IV. DISMISSAL FOR LACK OF TIMELY SERVICE

"If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- <u>must</u> dismiss the action without

prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). A return of service or signed waiver of service must be filed as to each defendant. Any defendant for whom either a return of service or a signed waiver of service is not filed **will be dismissed**. See id.; see also Garcia v. Figura, No. 3:19CV01484(MPS), 2022 WL 35803, at *3 (D. Conn. Jan. 4, 2022) (dismissing claims against a defendant where "[t]he docket reflect[ed] no return of service indicating that [defendant] ha[d] been served in ... her individual capacity ... and no signed waiver of service of summons").

**V.   CONCLUSION**

The Court will permit plaintiff **one final opportunity** to serve process on defendants Williams, Doe #1 (a/k/a FNU1 Evans), Doe #2 (a/k/a FNU2 Evans), Thibodeau, Martin, Reynoso, Czikowsky, and Daniels in their individual capacities, on or before **June 8, 2022**. Plaintiff shall file sufficient proof of service, as described above, on or before **June 22, 2022**. Failure to provide sufficient proof of service by that deadline as to each defendant **will result in dismissal of the Complaint as to those defendants** pursuant to Federal Rule of Civil Procedure 4(m).

9

It is so ordered this 9th day of May, 2022, at New Haven, Connecticut.

                                                 /s/
                                     SARAH A. L. MERRIAM
                                     UNITED STATES DISTRICT JUDGE