UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------X
                              :
JAY QUIGLEY                   :    Civil No. 3:21CV01158(SALM)
                              :
v.                            :
                              :
CAPTAIN WILLIAMS, et al.      :    August 4, 2022
                              :
------------------------------X

**ORDER RE: SERVICE OF PROCESS**

Self-represented plaintiff Jay Quigley, a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC"), currently housed at MacDougall-Walker Correctional Institution, brings this action pursuant to 42 U.S.C. §1983 relating to events occurring during his incarceration.[1] After an initial review of the Complaint, the Court permitted the action

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reflects that Jason Quigley, inmate number 304839, was sentenced on January 20, 2017, to a term of imprisonment that has not expired. See http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=304839 (last visited August 4, 2022). The DOC website lists plaintiff's name as "Jason Quigley" and plaintiff identifies himself in submissions as "Jay Quigley," but the inmate number confirms that they are the same person.

1

to proceed against the following defendants, all of whom are alleged to work at Corrigan-Radgowski Correctional Center ("Corrigan"), in their individual capacities: Captain Williams, Lieutenant Daniels, Correction Officer John Doe #1 (a/k/a FNU1 Evans), Correction Officer John Doe #2 (a/k/a FNU2 Evans), Correction Officer Thibodeau, Correction Officer Martin, Correction Officer Reynoso, Correction Officer Czikowsky, and RN Allison Hill. See Doc #7 at 17.

Plaintiff has been working diligently to serve process on seven of the defendants in this matter. It does not appear that plaintiff has made any efforts to serve defendants John Doe #1 (a/k/a FNU1 Evans) and John Doe #2 (a/k/a FNU2 Evans). The Court will address the status of those defendants in a separate order.

On November 30, 2021, plaintiff filed a notice indicating that on November 22, 2021, he had sent the following materials to defendants Reynoso, Thibodeau, Czikowsky, Daniels, Williams and Hill: "a Notice of Lawsuit And Request To Waive Service of Summons; a Waiver of The Service of Summons; a copy of the Verified Complaint; a copy of the Amended Initial Review Order ...; and a self-addressed, First-class, pre-paid envelope[.]" Doc. #9 at 1. Plaintiff did not list defendant Martin in this submission as a defendant to whom he had sent a waiver packet.

See id. RN Hill returned a completed waiver of service form. See Doc. #12. Defendants Williams, Thibodeau, Reynoso, Czikowsky, Daniels, and Martin did not.[2]

Accordingly, plaintiff proceeded to service of process on defendants Williams, Daniels, Thibodeau, Reynoso, Czikowsky, and Martin. Plaintiff retained a process server, State Marshal Courtland Hall, who filed a return of service indicating that he served these defendants by serving the Attorney General of the State of Connecticut, on July 8, 2022. See Doc. #40. If service was properly made on those defendants on that date, each was required to respond to the Complaint by July 29, 2022. No such responses have been filed.

It is not clear to the Court whether service has been properly made on these defendants. See Doc. #31 at 6-8. The Court encourages plaintiff to contact the State Marshal regarding the method of service.

If these defendants have been properly served, they are in default. If they have not been properly served, plaintiff has been misled by a State Marshal. In either event, plaintiff has

---

[2] It is not clear from the information available whether plaintiff in fact sent defendant Martin a waiver packet. However, plaintiff has since attempted to serve defendant Martin. See Doc. #40.

3

already expended a substantial sum of money and significant effort in the attempt to serve these defendants. As defendants are likely aware, and the Office of the Attorney General is surely aware, a defendant who declines to waive service of process must bear the costs of service.

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2). To date, the costs of service are at least $382.53. See Doc. #40 at 2.

In an effort to avoid additional costs to all parties, the Court hereby enters the following Orders:

**(1)** The deadline for service on defendants Williams, Daniels, Thibodeau, Martin, Reynoso, and Czikowsky is hereby extended to and including **October 31, 2022**.

**(2)** The Clerk of Court shall send plaintiff a new set of waiver forms, along with six (6) copies of the Complaint (Doc. #1), six (6) copies of the Amended Initial Review Order (Doc. #7), and six (6) copies of this Order. Plaintiff may then provide these materials to defendants Williams, Daniels, Thibodeau, Reynoso, Czikowsky, and

4

Martin, requesting that they waive service. Plaintiff shall send the requests for waiver to these six defendants as soon as possible, and no later than **August 24, 2022.** Plaintiff shall include a copy of this Order with each waiver request.

**All defendants are reminded that if they elect not to waive service, they will be required to pay all costs incurred by plaintiff and by the Court, if applicable, in effectuating service.**

The Clerk of Court shall also send a copy of this Order, as well as a copy of Doc. #31, to State Marshal Courtland Hall, P.O. Box 965, Groton, CT, 06340.

It is so ordered this 4th day of August, 2022, at Bridgeport, Connecticut.

                                         /S/
                                 HON. SARAH A. L. MERRIAM
                                 UNITED STATES DISTRICT JUDGE